**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | |
|---|---|
| ZACH KLARKOWSKI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AST SPACEMOBILE, INC., ABEL AVELLAN, and SEAN WALLACE, <br><br> Defendants. | Case No.7:24-cv-00102 <br><br><br><br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Plaintiff Zach Klarkowski ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by AST SpaceMobile, Inc. ("SpaceMobile" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by SpaceMobile; and (c) review of other publicly available information concerning SpaceMobile.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired SpaceMobile securities between November 14, 2023 and April 1, 2024, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      SpaceMobile, together with its subsidiaries, claims to develop and provide access to a space-based cellular broadband network for smartphones in the United States distributed through a constellation of Low Earth Orbit satellites.  The Company purports to be in the advanced stages of assembling and testing its first generation of commercial BlueBird satellites, the "Block 1 BlueBird" satellites, in advance of launching its space-based cellular broadband network. Following the planned launch and deployment of five Block 1 BlueBird satellites, the Company intends to initiate limited, noncontinuous cellular service in targeted geographical areas, including in the United States, in order to generate revenue.

3.      On April 1, 2024, after the market closed, SpaceMobile issued a press release disclosing that production of five Block 1 BlueBird satellites had been "impacted by two suppliers,

leading to delays in integration and testing." As a result, these five satellites were expected to be transported to the launch site between July or August 2024, later than the previously expected launch in the first quarter of 2024.

4.      On this news, SpaceMobile's stock price fell $0.62, or 23.6%, to close at $2.01 per share on April 2, 2024, on unusually heavy trading volume.

5.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that production of the Company's five Block 1 BlueBird satellites had been negatively impacted by two suppliers of key subsystems; (2) that a result, the Company had not substantially completed the production of the Block 1 BlueBird satellites; (3) that, as a result, the Company's five Block 1 BlueBird satellites were not on track to launch in the first quarter of 2024; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.     Venue is proper in the Midland Division of the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. Further, SpaceMobile is headquartered and has its principal place of business in the Midland Division of the Western District of Texas.

10.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11.     Plaintiff Zach Klarkowski, as set forth in the accompanying certification, incorporated by reference herein, purchased SpaceMobile securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12.     Defendant SpaceMobile is incorporated under the laws of Delaware with its principal place of business and executive offices located at Midland Intl. Air & Space Port, 2901 Enterprise Lane Midland, Texas. SpaceMobile's Class A common stock trades on the NASDAQ exchange under the symbol "ASTS." SpaceMobile's Warrants exercisable for one share of Class A common stock at an exercise price of $11.50 trade on the NASDAQ exchange under the symbol "ASTSW."

13.     Defendant Abel Avellan ("Avellan") was the Company's Chief Executive Officer ("CEO") at all relevant times. He may be served with process at Midland Intl. Air & Space Port, 2901 Enterprise Lane Midland, Texas.

14.     Defendant Sean Wallace ("Wallace") was the Company's Chief Financial Officer ("CFO") at all relevant times. He may be served with process at Midland Intl. Air & Space Port, 2901 Enterprise Lane Midland, Texas.

15.     Defendants Avellan and Wallace (together, the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market.  The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

16.     SpaceMobile, together with its subsidiaries, seeks to develop and provide access to a space-based cellular broadband network for smartphones in the United States distributed through a constellation of Low Earth Orbit satellites.  The Company purports to be in the advanced stages of assembling and testing its first generation of commercial BlueBird satellites, the "Block 1 BlueBird" satellites, in advance of launching its space-based cellular broadband network.

Following the planned launch and deployment of five Block 1 BlueBird satellites, the Company

intends to initiate limited, noncontinuous cellular service in targeted geographical areas, including

in the United States, in order to generate revenue.

## Materially False and Misleading

## Statements Issued During the Class Period

17.     The Class Period begins on November 14, 2023. On that day, SpaceMobile

provided a business update in a press release for the third quarter 2023 and the period ending

September 30, 2023, which stated, in relevant part: [1]

> "***The manufacturing of our first five commercial satellites is at full speed at our Texas facilities, and we are looking forward to our expected launch in Q1 2024*** as we target initial commercial service for both mobile network operators and governmental entities starting in 2024," said Abel Avellan, Chairman and Chief Executive Officer of AST SpaceMobile.
>
> *     *     *
>
> ***First Five Commercial Satellites Expected to be Launched in Q1 2024***
>
> •     Manufacturing at full speed in Midland, Texas facilities
>
> •     Approximately 85% of planned capital expenditures paid as of September 30, 2023
>
> Total and Adjusted Operating Expenses Expected to Decrease by $10 Million to $15 Million Per Quarter Beginning Q1 2024
>
> •     Expected reduction driven by completion of Block 1 design and development, substantial completion of the ASIC design, and partial completion of Block 2 design, with no material change in headcount

18.     On November 14, 2023, the Company submitted its quarterly report for the period

ended August 30, 2023 on a Form 10-Q filed with the SEC (the "3Q23 10-Q"). The 3Q23 10-Q

stated the following regarding the allegedly upcoming Block 1 BlueBird satellite launch:

---

[1] Unless otherwise stated, all emphasis in bold and italics hereinafter is added, and all footnotes are omitted.

*We are also currently designing and assembling our constellation of BlueBird ("BB") satellites.* We are leveraging skills, know-how and technological expertise derived from the design and assembly of our BW3 test satellite in the development and assembly of our BB satellite platform. We are currently assembling the first generation of commercial BB satellites ("Block 1 BB satellites"). We expect the Block 1 BB satellites will be of similar size and weight to the BW3 test satellite and have design improvements for enhanced power efficiency and throughput designed to increase capacity and coverage capability. *We currently expect to launch five Block 1 BB satellites during the first quarter of 2024 and have entered into and substantially completed payment for a launch services agreement for the launch of the first five Block 1 BB satellites.*

19.     The 3Q23 10-Q purported to warn that "[t]he exact timing of the launch" of the five Block 1 BlueBird satellites "is contingent on a number of factors, *including timely supply of materials and components by the vendors*, *satisfactory and timely completion of assembly and testing"* of the five Block 1 BlueBird satellites.

20.     The 3Q23 10-Q reported that the Company had, in fact, "*substantially completed the procurement of required subsystems and components, the industrialization of our assembly, integration, and testing facilities and processes*" as well as completed research and development, on the five Block 1 BlueBird satellites, stating in relevant part:

> *We have completed the research and development ("R&D") programs associated with the design and development of Block 1 BB satellites. We have also substantially completed the procurement of required subsystems and components, the industrialization of our assembly, integration, and testing facilities and processes and are continuing to make progress on the production of the five Block 1 BB satellites.*
>
> *          *          *
>
> *Total R&D costs decreased by $4.1 million, or 30%,* to $9.4 million for the three months ended September 30, 2023 as compared to three months ended September 30, 2022. R&D costs during the three months ended September 30, *2023 primarily relate to completion of design and development of BB Block 1 satellites,* ongoing design and development of certain subsystems for the BB Block 2 satellites, ASIC design, and development of ground infrastructure programs for commercial readiness.

6

21.    On January 18, 2024, the Company filed with the SEC a Form 6-K, containing financial disclosures related to certain strategic investments and commercial commitments from AT&T Venture Investments, LLC, Google LLC, and Vodafone Ventures Limited, as well as the Company's plans for additional capital actions including launching a registered offering of $100.00 million Class A common stock of the Company, which stated, in relevant part:

> In addition, **in connection with the Offering**, the Company will disclose the following additional information:
>
> **The Company is currently assembling and testing its first five commercial BlueBird satellites ("Block 1 BB satellites") at the Company's facilities in Midland, Texas. The Company has a dedicated orbital launch scheduled for five Block 1 BB satellites late in the first quarter of 2024.** The exact timing of this launch is contingent upon a number of factors, including satisfactory and timely completion of assembly, integrating and testing of the satellites, logistics, weather conditions, regulatory approvals, and other factors, many of which are beyond the Company's control.

22.    The above statements identified in ¶¶ 17-21 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that production of the Company's five Block 1 BlueBird satellites had been negatively impacted by two suppliers of key subsystems; (2) that a result, the Company had not substantially completed the production of the Block 1 BlueBird satellites; (3) that, as a result, the Company's five Block 1 BlueBird satellites were not on track to launch in the first quarter of 2024; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

23.    On April 1, 2024, after the market closed, SpaceMobile issued a press release disclosing that production of five Block 1 BlueBird satellites had been "impacted by two suppliers, leading to delays in integration and testing." As a result, these five satellites were expected to be

transported to the launch site between July or August 2024, later than the previously expected launch in the first quarter of 2024.

24.     Specifically, SpaceMobile issued a press release announcing fourth quarter and full year results (the "FY23 Press Release") which stated, in relevant part:

> **Production of five 700 sq. ft. Block 1 BlueBird satellites was impacted by two suppliers, leading to delays in integration and testing**; In order to accelerate production of our next satellites and reduce dependency on these suppliers, we acquired a non-exclusive and worldwide license to manufacture one of the subsystems, and replaced the supplier of the other subsystem with a new supplier with whom we have completed a new design and now own the IP

> \*       \*       \*

> **Orbital Launch Updates Provide Near-Term Timeline**

> - Five 700 sq. ft. **Block 1 BlueBird Satellites expected to be transported from our assembly facilities to the launch site between July and August of 2024**

25.     On the same day, April 1, 2024, the Company filed its full year 2023 Annual Report on Form 10-K, which provided additional details, including in relevant part:

> The completion of five Block 1 BB satellites has been **delayed as compared to our target completion timeline due to a delay in the commencement of integration and testing of five Block 1 BB satellites**. **The failure by suppliers of two key subsystems to meet their contractual delivery timelines contributed to this delay**.

> \*       \*       \*

> We currently estimate we will **transport** the five Block 1 BB satellites from our assembly facilities to the launch site between **July and August of 2024 to await a launch window**. **This launch window will be disclosed once a window can be agreed upon.** The exact timing of the new launch schedule will be contingent on a number of factors, including satisfactory and timely completion of assembly, integrating and testing of the satellites, regulatory approvals, launch provider availability, logistics, weather conditions, and other factors, many of which are beyond our control.

26.     On this news, SpaceMobile's stock price fell $0.62, or 23.6%, to close at $2.01 per share on April 2, 2024, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired SpaceMobile securities between November 14, 2023 and April 1, 2024, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

28.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, SpaceMobile's shares actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of SpaceMobile shares were traded publicly during the Class Period on the NASDAQ.  Record owners and other members of the Class may be identified from records maintained by SpaceMobile or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

31.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of SpaceMobile; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

33.     The market for SpaceMobile's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, SpaceMobile's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired SpaceMobile's securities relying upon the integrity of the market price of the Company's securities and market information relating to SpaceMobile, and have been damaged thereby.

34.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of SpaceMobile's securities, by publicly issuing false and/or misleading

statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about SpaceMobile's business, operations, and prospects as alleged herein.

35.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about SpaceMobile's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

36.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

37.     During the Class Period, Plaintiff and the Class purchased SpaceMobile's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

38.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding SpaceMobile, their control over, and/or receipt and/or modification of SpaceMobile's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning SpaceMobile, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE
## (FRAUD-ON-THE-MARKET DOCTRINE)

39.     The market for SpaceMobile's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, SpaceMobile's securities traded at artificially inflated prices during the Class Period. On December 27, 2023, the Company's share price closed at a Class Period high of $6.36 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of SpaceMobile's securities and market information relating to SpaceMobile, and have been damaged thereby.

40.     During the Class Period, the artificial inflation of SpaceMobile's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the

Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about SpaceMobile's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of SpaceMobile and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

41. At all relevant times, the market for SpaceMobile's securities was an efficient market for the following reasons, among others:

(a) SpaceMobile shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b) As a regulated issuer, SpaceMobile filed periodic public reports with the SEC and/or the NASDAQ;

(c) SpaceMobile regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d) SpaceMobile was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

42.     As a result of the foregoing, the market for SpaceMobile's securities promptly digested current information regarding SpaceMobile from all publicly available sources and reflected such information in SpaceMobile's share price. Under these circumstances, all purchasers of SpaceMobile's securities during the Class Period suffered similar injury through their purchase of SpaceMobile's securities at artificially inflated prices and a presumption of reliance applies.

43.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## **NO SAFE HARBOR**

44.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-

looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of SpaceMobile who knew that the statement was false when made.

## FIRST CLAIM

### Violation of Section 10(b) of The Exchange Act and

### Rule 10b-5 Promulgated Thereunder

### Against All Defendants

45.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

46.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase SpaceMobile's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

47.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for SpaceMobile's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

48.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about SpaceMobile's financial well-being and prospects, as specified herein.

49.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of SpaceMobile's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about SpaceMobile and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

50.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances,

operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

51.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing SpaceMobile's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

52.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of SpaceMobile's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired

SpaceMobile's securities during the Class Period at artificially high prices and were damaged thereby.

53.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that SpaceMobile was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their SpaceMobile securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

54.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

55.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## SECOND CLAIM

### Violation of Section 20(a) of The Exchange Act

### Against the Individual Defendants

56.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

57.     Individual Defendants acted as controlling persons of SpaceMobile within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the

power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58.     In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

59.     As set forth above, SpaceMobile and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  April 17, 2024                    **KENDALL LAW GROUP, PLLC**

_/s/ Joe Kendall_
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

_Liaison Counsel for Zach Klarkowski_

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com
           prajesh@glancylaw.com

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

_Counsel for Plaintiff Zach Klarkowski_